1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,            Case No.:  13cr2530-JAH

12                          Plaintiff,
                                          **ORDER DENYING DEFENDANT'S**
13    v.                                  **MOTION FOR COMPASSIONATE**
                                          **RELEASE (Doc. No. 63)**
14    ANGEL MANUEL OCON,

15                          Defendant.

16

17                            **INTRODUCTION**

18         Pending before the Court is Defendant Angel Manuel Ocon's ("Defendant") motion

19    to reduce his sentence of imprisonment in light of the increasing risks to health that the

20    coronavirus disease ("COVID-19") poses to incarcerated persons. *See* Doc. No. 63.

21    Defendant seeks compassionate release pursuant to 21 U.S.C. § 3582(c)(1)(A). *Id.* Having

22    carefully considered the pleadings, and for the reasons set forth below, Defendant's motion

23    is **DENIED.**

24                            **BACKGROUND**

25         On July 11, 2013, a one-count information charged Defendant with Importation of

26    Methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. *See* Doc. No. 13. On

27    December 5, 2013, Defendant pleaded guilty to the one-count information. Doc. No. 28.

28

13cr2530-JAH

1    On July 28, 2014, the Court sentenced Defendant to the custody of Bureaus of Prisons

2    ("BOP") for 77 months, followed by 4 years of supervised release. *See* Doc. No. 44.

3         On March 20, 2020, while on supervised release, the Probation Officer filed a

4    petition for a warrant with the Court alleging that Defendant submitted a positive drug test

5    and failed to submit a testing sample. Doc. No. 47. The Court elected to take no action. *Id.*

6    On May 14, 2020, the Probation Officer filed another petition for a warrant with the Court

7    alleging that Defendant submitted multiple positive drug tests, used a devise to circumvent

8    drug testing, and failed to submit a testing sample as directed. Doc. No. 49. The Court

9    granted the no-bail bench warrant. *Id.* On June 16, 2020, Defendant admitted to violating

10   conditions of supervised release, and the Court in turn revoked Defendant's supervised

11   release. Doc. No. 59. Defendant was sentenced to a below-Guideline sentence of 4 months

12   in custody, followed by 30 months of supervised release. *Id.*

13        On August 10, 2020, Defendant filed the present 18 U.S.C. § 3582 motion, and seeks

14   compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. No. 63. On August 14, 2020,

15   the Plaintiff United States of America ("Government") filed an opposition to Defendant's

16   motion. *See* Doc. No. 65. On August 17, 2020, Defendant filed a reply. Doc. No. 66.

17                              **LEGAL STANDARD**

18        A court generally may not correct or modify a prison sentence once it has been

19   imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of

20   Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant

21   seeks modification of her sentence under the compassionate release provision of 18 U.S.C.

22   § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194

23   (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provided prisoners with two direct

24   routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's

25   decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt

26   ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18

27   U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in

28   section 3553(a), the court may determine whether "extraordinary and compelling reasons

1    warrant such a reduction" and "that such a reduction is consistent with applicable policy

2    statements issued by the Sentencing Commission." *Id*; U.S.S.G. § 1B1.13(1)(A) & cmt. 1.

3    "Exhaustion occurs when the [Bureau of Prisons] denies a defendant's application[.]"

4    *United States v. Mondaca*, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal

5    citations omitted)  A defendant who has not "requested compassionate release from the

6    [Bureau of Prisons] [or] exhausted his administrative remedies" is not entitled to a

7    reduction of her term of imprisonment. *United States v. Solis,* 2019 WL 2518452, at *2

8    (S.D. Ala. June 18, 2019).

9                                               **DISCUSSION**

10          In analyzing whether Defendant is entitled to compassionate release under 18 U.S.C.

11   § 3582(c)(1)(A), the Court will determine whether the following three requirements are

12   satisfied. First, Defendant must exhaust his administrative remedies. Second, Defendant

13   must establish that the 18 U.S.C. § 3553 (a) sentencing factors "are consistent with"

14   granting a motion for compassionate release. *United States v. Trent,* 2020 WL 11812242,

15   at *2 (N.D. Cal. 2020). Third, Defendant must demonstrate that "extraordinary and

16   compelling reasons"– as defined by the applicable Sentencing Commission policy

17   statement—"warrant… a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

18          **A. Exhaustion of Administrative Remedies**

19          As an initial matter, the Court finds Defendant satisfied the exhaustion of

20   administrative remedies prior to bringing his motion for compassionate release. On August

21   6, 2020, Defendant applied for compassionate release with the Warden of the Central

22   Arizona Florence Correctional Complex (a contract facility). Doc. No. 63-1 at Exh. B. The

23   Warden denied Defendant's application and noted that because Defendant is in the custody

24   of the United States Marshal Service at a contract facility, the BOP would not evaluate him

25   for compassionate release. *Id.* at Exh. C. Accordingly, the Court deems Defendant properly

26   exhausted his administrative remedies pursuant to § 3582(c)(1)(A).

27          **B. Section 3553(a) Factors**

28          The compassionate release statute requires courts to consider § 3553(a) factors in

1   determining whether to reduce a defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

2   Those factors include, among other things, the nature and circumstances of the offense and

3   the history and characteristics of the defendant; the need for the sentence imposed to reflect

4   the seriousness of the offense, to promote respect for the law, to provide just punishment

5   for the offense, to afford adequate deterrence to criminal conduct, to protect the public from

6   further crimes of the defendant and to provide the defendant with needed medical care in

7   the most effective manner; and the need to avoid unwarranted sentence disparities among

8   defendants with similar records who have been found guilty of similar conduct. 18 U.S.C.

9   § 3553(a).

10          Looking to the factors, the sentence imposed on Defendant must reflect the

11   seriousness of the offense. Defendant argues that in light of COVID-19, a time served

12   sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing.

13   *See* Doc. No. 63 at 20. However, the nature and circumstances of the offense do not support

14   Defendant's argument. Defendant breached the Court's trust by committing repeated

15   violations while on supervised release. Among other violations, Defendant failed to appear

16   for drug testing on numerous occasion, tested positive for cocaine and methamphetamine,

17   and attempted to circumvent the drug testing by altering his urine specimen. It is also

18   important to note that the Court properly considered the § 3553(a) and § 3583(g)  factors

19   before imposing a below guideline range sentence of 4 months in custody. Moreover, in

20   the Court's view, a time served sentence reduction would also not adequately reflect the

21   seriousness of Defendant's offense of conviction, promote respect for the law, provide just

22   punishment, or afford adequate deterrence to criminal conduct. *United States v. Shayota,*

23   2020 WL 2733993, at *1 (N.D. Cal. May 2020). Accordingly, a reduction in Defendant's

24   sentence to time served is inconsistent with the policy considerations and the factors set for

25   in § 3553(a).

26          **C. Extraordinary and Compelling Reasons**

27          Notwithstanding Defendant's inability to overcome the § 3553(a) factors, Defendant

28

1   argues his medical condition presents "extraordinary and compelling" reasons to warrant

2   compassionate release. Doc. No. 63 at 6.

3        A court may reduce a defendant's sentence if it finds "extraordinary and compelling

4   reasons warrant such a reduction" and that "such a reduction is consistent with applicable

5   policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582 (c)(1)(A).  A

6   defendant fulfills one of the numerous "extraordinary and compelling reasons" by

7   "suffering from a serious physical or medical condition…that substantially diminishes the

8   ability of the defendant to provide self-care within the environment of a correctional facility

9   and from which he or she is not expected to recover. U.S.S.G. § 1B1.12 cmt. 1(A)(ii). The

10  Sentencing Commission also requires that the defendant not pose a danger to the safety of

11  the community. *Id.* at 1B1.13(2).

12       Here, Defendant argues that extraordinary and compelling reasons exist for his

13  compassionate release because: 1) he suffers from asthma, hypertension, hepatitis C, and

14  diagnosed mental health conditions (ADHD, anxiety, and depression); and 2) Defendant is

15  at a higher risk of contracting COVID-19 as a result of his medical conditions. *See* Doc.

16  No. 63 at 6-15. The Government counters by arguing that: 1) Defendant's asthma is

17  described as "mild intermittent"; 2) Defendant's hepatitis C is described as asymptomatic

18  and requires no medical attention; 3) Defendant's mental health conditions are not

19  recognized as COVID-19 risk factors; and 4) the medical records provided indicate that

20  Defendant is receiving the appropriate medications at the facility to manage his medical

21  conditions. Doc. No. 65 at 14-18.

22       Although the Court is mindful that individuals with certain medical conditions can

23  be more vulnerable to COVID-19, Defendant fails to persuade the Court that his medical

24  conditions qualify as "extraordinary and compelling" reasons for release within the context

25  of 18 U.S.C. § 3582 (c)(1)(A) and U.S.S.G. § 1B1.13. First, Defendant argues his asthma

26  is an established CDC risk factor that increases his likelihood of contracting COVID-19.

27  *See* Doc. No. 63 at 7. However, according to the Centers for Disease Control and

28  Prevention, "moderate to severe" asthma is the only listed form of asthmas that creates a

"higher      risk      of      getting      very      sick      from      COVID-19." *See* https://www.cdc.gov/coronvirus/2019-ncov/need-extra-precautions/asthma.html      (last visited August 24, 2020). Moreover, the CDC reports there is not information as to whether hepatitis C or mental health conditions create an increased risk to COVID-19. *Id.* As for Defendant's reported hypertension, a distinction exists between hypertension and pulmonary hypertension, with the latter being a medical condition specific to the lungs. *See United States v. Barry House,* 2020 WL 2557031, at *2 (N.D. Cal. May 2020) (Denying a defendant's motion for compassionate release and noting that "while pulmonary hypertension is a risk factor, [the Defendant] appears to have essential, and not pulmonary, hypertension."). Second, Defendant is only 50 years old and is not in a high risk age group that would make him more vulnerable to contracting COVID-19. *See United States v. Smeltzer*, 2020 WL 2797493, at *2 (S.D. Cal. May 2020) (defendant who is "48 years old and reflects no medical condition that would specifically make him more vulnerable to contract COVID-19" cannot demonstrate extraordinary and compelling reasons for compassionate release). Lastly, Defendant does not dispute the government's representation that Defendant's medical conditions are appropriately managed at the facility. Doc. No. 65 at 16.

Under the present conditions at Central Arizona Florence Correctional Complex, Defendant is neither terminally ill nor subject to a serious medical condition "that substantially diminishes the ability…to provide self-care within the environment of a correctional facility and from which he [] is not expected to recover." U.S.S.G. § 1B1.13. While Defendant suffers from various medical conditions, he has not demonstrated how the conditions amount to extraordinary and compelling reasons for release under § 3582 (c)(1)(A)(i). *See United States v. Luck,* 2020 WL 3050762, at *2 (N.D. Cal. June 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.") (citations omitted); *see also United States v. Eberhard,* 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-

13cr2530-JAH

1   19 do not meet the criteria for extraordinary and compelling reasons for a reduction in

2   sentence set forth in the Sentencing Commission's policy statement.").

3                                            **CONCLUSION**

4        For the reasons set forth above, Defendant's motion for compassionate release is

5   DENIED without prejudice.

6        **IT IS SO ORDERED.**

7

8

9   DATED: August 28, 2020

10

11                                              Hon. John A. Houston

12                                              United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cr2530-JAH